******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MARGARET MCGUINNESS *v.* JOHN J. MCGUINNESS
(AC 36339)

Beach, Keller and Prescott, Js.

*Argued December 8, 2014—officially released February 3, 2015*

(Appeal from Superior Court, judicial district of Stamford-Norwalk, Hon. Stanley Novack, judge trial referee [dissolution judgment]; Emons, J. [motion to bifurcate, order as to modification].)

*Norman A. Roberts II*, with whom was *Tara C. Dugo*, for the appellant (plaintiff).

*Kevin F. Collins*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Margaret McGuinness, appeals from the trial court's postdissolution order determining that a provision in a separation agreement executed between the plaintiff and the defendant, John J. McGuinness, and incorporated as part of the judgment of dissolution of the parties' marriage, is nonmodifiable. On appeal, the plaintiff claims that the court erred in concluding that the provision at issue is nonmodifiable on the basis of the court's misinterpretation of the language in the separation agreement. We dismiss the appeal on the basis of our conclusion that the court's postdissolution order regarding the provision at issue is not a final judgment and, therefore, is not subject to appeal at this time.

The following facts and procedural history are relevant here. The plaintiff and the defendant were divorced by a judicial decree on March 3, 2006. The court, *Hon. Stanley Novack*, judge trial referee, incorporated by reference the parties' separation agreement into the decree. Pursuant to the terms of the separation agreement, the defendant agreed to pay the plaintiff unallocated alimony and child support until February, 28, 2018, or until other conditions arose and terminated the defendant's obligations. The annual amount of unallocated alimony and child support owed by the defendant correlates to his " 'gross annual cash compensation from employment.' "[1] The separation agreement expressly provides that "in no event shall the [plaintiff] participate in the [defendant's] 'gross annual compensation from employment' in excess of $900,000 per annum."[2] (income cap provision).

In March, 2011, the plaintiff filed a postjudgment motion to modify the unallocated alimony and child support payments on the basis of an alleged substantial change in circumstances; namely, that the defendant's income had substantially increased, the structure of the defendant's income had substantially changed, and the defendant's new employer was providing less detailed reports of his income in comparison to his previous employer. In September, 2013, the plaintiff filed a motion to bifurcate the hearing on her motion to modify, requesting that the court first determine whether the income cap provision is modifiable. The court, *Emons, J.*, granted the motion and held a hearing on that specific issue in November, 2013. At the conclusion of the hearing, the court determined that, pursuant to the terms of the separation agreement, the income cap provision is nonmodifiable. This appeal from that ruling followed.

We begin by discussing the final judgment issue, which we are raising sua sponte because it is dispositive. After reviewing the record, including the transcript of the November, 2013 hearing, which seemed to indi-

cate that there would be further proceedings on the motion to modify, we notified the parties prior to oral argument to be prepared to address whether the appeal had been taken from a final judgment. "The subject matter jurisdiction of this court and our Supreme Court is limited by statute to final judgments. . . . Our appellate courts lack jurisdiction to hear an appeal that is not brought from a final judgment. . . . The lack of a final judgment is a jurisdictional defect that mandates dismissal. [General Statutes § 52–263]. . . . Because our jurisdiction over appeals . . . is prescribed by statute, we must always determine the threshold question of whether the appeal is taken from a final judgment before considering the merits of the claim. . . .

"[C]ertain otherwise interlocutory orders may be final judgments for appeal purposes, and the courts may deem interlocutory orders or rulings to have the attributes of a final judgment if they fit within either of the two prongs of the test set forth in *State* v. *Curcio*, [191 Conn. 27, 31, 463 A.2d 566 (1983)]. . . . Under *Curcio*, interlocutory orders are immediately appealable if the order or ruling (1) terminates a separate and distinct proceeding, or (2) so concludes the rights of the parties that further proceedings cannot affect them." (Citations omitted; internal quotation marks omitted.) *Harger* v. *Odlum*, 153 Conn. App. 764, 768–69,     A.3d     (2014).

"The first prong of the *Curcio* test . . . requires that the order being appealed from be severable from the central cause of action so that the main action can proceed independent of the ancillary proceeding. . . . If the interlocutory ruling is merely a step along the road to final judgment then it does not satisfy the first prong of *Curcio*. . . . Obviously a ruling affecting the merits of the controversy would not pass the first part of the *Curcio* test. The fact, however, that the interlocutory ruling does not implicate the merits of the principal issue at the trial . . . does not necessarily render that ruling appealable. It must appear that the interlocutory ruling will not impact directly on any aspect of the [action]. . . .

"The second prong of the *Curcio* test focuses on the nature of the right involved. It requires the parties seeking to appeal to establish that the trial court's order threatens the preservation of a right already secured to them and that that right will be irretrievably lost and the [parties] irreparably harmed unless they may immediately appeal. . . . One must make at least a colorable claim that some recognized statutory or constitutional right is at risk." (Internal quotation marks omitted.) *Niro* v. *Niro*, 314 Conn. 62, 68, 100 A.3d 801 (2014).

Here, the court's postdissolution order that the income cap provision is nonmodifiable does not satisfy either prong of the *Curcio* test. Under the first prong

of *Curcio*, the court's postdissolution order did not "[terminate] a separate and distinct proceeding." (Internal quotation marks omitted.) *Harger* v. *Odlum*, supra, 153 Conn. App. 769. The plaintiff raised her claim regarding the modifiability of the income cap provision in connection with her motion to modify. Although the court granted the plaintiff's motion to bifurcate and held a hearing specifically to address whether the income cap provision is modifiable, the court's conclusion regarding the modifiability of the income cap provision did not fully resolve the motion to modify as it did not address whether other provisions of the unallocated alimony and child support award are modifiable.[3] Therefore, we conclude that the court's postdissolution order did not terminate a separate and distinct proceeding, but was rather " 'a step along the road' "; *Niro* v. *Niro*, supra, 314 Conn. 68; in resolving the plaintiff's motion to modify.

Under the second prong of *Curcio*, the court's postdissolution order did not "so [conclude] the rights of the [plaintiff] that further proceedings cannot affect them." (Internal quotation marks omitted.) *Harger* v. *Odlum*, supra, 153 Conn. App. 769. The trial court has not fully disposed of the plaintiff's motion to modify, a final determination of which remains pending before the trial court. Any future proceedings concerning the court's resolution of the plaintiff's motion to modify will further implicate the rights of the plaintiff. Therefore, we conclude that the court's postdissolution order did not so conclude the plaintiff's rights to obtain modification of the unallocated alimony and child support payments that further proceedings cannot affect them.

The appeal is dismissed.

[1] The separation agreement defines " 'gross annual cash compensation from employment' " as "all employment-related payments . . . ."

[2] The quoted language contains the phrase " 'gross annual compensation from employment' " rather than " 'gross annual *cash* compensation from employment.' " (Emphasis added.) We presume that the drafters of the separation agreement intended to input the latter phrase, which is expressly defined in the separation agreement. Neither party has raised any claim concerning that apparent oversight.

[3] In her motion to bifurcate, the plaintiff claimed that the remainder of her motion to modify would be "non-justiciable" if the trial court determined that the income cap provision is nonmodifiable. At the conclusion of the November, 2013 hearing, however, the court noted that a subsequent hearing on the remainder of the plaintiff's motion to modify would address issues other than the modifiability of the income cap provision. In response, the plaintiff's counsel replied "Correct."